Prob 19
(10/99)

# United States District Court
## for the
## Southern District of New York



FILED by ___ D.C.

APR 1 6 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

U.S.A. vs Robert Ironside

Docket No. 06CR729-01(JES)

TO: ¹Any United States Marshal or any other authorized officer. 09-8097-AEV

## WARRANT FOR ARREST OF PROBATIONER/SUPERVISED RELEASEE

You are hereby commanded to arrest the within-named defendant and bring him or her, forthwith before the United States District Court to answer charges that he or she violated the conditions of his or her supervision imposed by the court.

| NAME OF SUBJECT<br>Robert Ironside | SEX<br>Male | RACE<br>White Non Hispanic | AGE |
|---|---|---|---|

| ADDRESS (STREET, CITY, STATE) |
|---|
| 610 Clematis St. Apt 528 West Palm Beach FL 33405 |

| SENTENCE IMPOSED BY (NAME OF COURT)<br>Southern District of New York | DATE IMPOSED<br>April 15, 2009 |
|---|---|

| TO BE BROUGHT BEFORE (NAME OF COURT, CITY, STATE) |
|---|
| Southern District of New York, Probation Office, 500 Pearl Street, New York, NY 10007 |

J. MICHAEL McMAHON / (BY) DEPUTY CLERK    DATE APR 1 6 2009

### RETURN

| Warrant received and executed | DATE RECEIVED | DATE EXECUTED |
|---|---|---|
| EXECUTING AGENCY (NAME AND ADDRESS) | | |
| NAME | (BY) | DATE |

¹Insert designation of officer to whom the warrant is issued, e.g., "any United States Marshal or any other authorized officer;" or "United States Marshal for the <district name>;" or "any United States Marshal; or "Any Special Agent of the Federal Bureau of Investigation;" or "any United States Marshal or any Special Agent of the Federal Bureau of Investigation;" or "any agent of the Alcohol Tax Unit."

## REQUEST FOR COURT ACTION

TO: Hon. Kimba M. Wood
Chief U.S. District Judge

OFFENSE: False Statements 18 USC 1001(a), a Class D Felony

ORIGINAL SENTENCE: Three (3) months imprisonment followed by three (3) years supervised release

FROM: Sonales Gonzalez
U.S. Probation Officer
Assistant

RE: Robert Ironside
Dkt # 06CR729-01(JES)

DATE OF
SENTENCE: February 8, 2007

DATE: April 15, 2009

SPEC. CONDITIONS: The defendant shall be supervised in his district of residence. The defendant shall participate in a mental health treatment program approved by the United States Probation Department. The defendant will be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment. The offender will participate in a program approved by the United States Probation Office for substance abuse, which program may include testing to determine whether the offender has reverted to the use of drugs or alcohol.

AUSA: Michael Camp
(212) 637-1035

ATTACHMENTS: PSI, Judgement, Police Report
REQUEST FOR: WARRANT

## REQUEST FOR A WARRANT

### CUSTODY STATUS
The offender is presently at Oakwood Heritage Hospital a Mental Health Facility in Florida. He is set to be released April 16, 2009. We would respectfully request that the Court issue a warrant, so the offender can be brought before the Court to answer the specifications listed below.

### SUPERVISION ADJUSTMENT
On February 8, 2007, Ironside was sentenced as specified above by the Hon John E. Sprizzo, Sr. U.S. District Judge for the Southern District of New York. According to a letter dated June 1, 2007, from the Federal Bureau of Prisons (BOP), the offender submitted a proposed relocation plan to Washington, D.C. On August 6, 2007, Ironside was released from prison and transported to Washington, D.C., to live at 1300 13th Street, NW, Washington, D.C. with his domestic partner, John Madej.

(Rev cVOP 12/06/07)

Ironside, Robert                                                                 49889-S. Gonzalez

2

In April of 2008, Ironside and Madej decided to end their relationship, and Ironside approached his U.S. Probation Officer (USPO) in Washington D.C. about relocating to West Palm Beach, Florida. After a discussion with the USPO, arrangements were made to transfer Ironside and his supervision to the Southern District of Florida (SD/FL) in June of 2008.

Due to an administrative error, the SD/FL did not get the request for transfer until January of 2009. Once they received the request, they promptly contacted Ironside to see about the transfer. Due to Ironside's lack of employment, proper income, and lack of sufficient ties to the community, the SD/FL denied Ironside's request to transfer to their District. Ironside was directed to return to the District of Columbia (DC) on March 23, 2009.

On March 23, 2009, Ironside failed to report to the probation department as instructed by the probation officer. On March 26, 2009, Ironside was directed once again to report to his USPO in DC on April 13, 2009. Probation went so far as to ensure flight arrangements were made for him. Ironside was advised by the USPO that failure to report for his April 13, 2009, would be considered a violation of the terms of his supervised release.

On April 1, 2009, Ironside again requested a transfer of his supervision to the District of Florida; however, this request was denied. Ironside was again directed to comply with the directives of the USPO.

On April 13, 2009, at 610 Clematis St. on the 8th floor, building security noticed a large amount of blood, on the landing to the roof of the building. The security guard searched the area, and found that the sprinkler pipes appeared to look like fresh scrape markings around the pipe. It appeared that someone had attempted to commit suicide by ligature; but was unsuccessful. The West Palm Beach Police were called.

Police arrived at Ironside's apartment and knocked several times before Ironside opened the door. Once inside, police found Ironside dressed in his underwear with bloodstains on his chest and front of his underwear. Ironside was immediately arrested. After Ironside was secured, the police conducted a search of his apartment and recovered what appeared to be a suicide note, funeral home instructions, blood and bloodied clothing throughout the apartment, a rope tied in a noose inside of Ironside's bedroom laying across a chair and miscellaneous pill bottles. Ironside was questioned as to why he attempted suicide and he stated, "I have a lot of issues."

Ironside stated that he took a bunch of pills and thought he would just be able to "fall asleep" while the noose was tied around his neck which would have suffocated him. Police officers collected the evidence then transported Ironside to St. Mary's Hospital for medical treatment before Ironside was taken to Oakwood Hospital to receive Mental Health services.

Ironside, Robert                                                         49889-S. Gonzalez

3

On April 14, 2009, contact was made by the SD/FL USPO with the Oakwood Facility, who advised that Ironside had been taken back to the emergency room at St. Mary's Hospital, due to complains from Ironside, of blood in his urine. The USPOs met with Ironside at the hospital to speak to him about the incident, Ironside stated that he was planning to commit suicide, because after he spoke to his USPO, he was told that once he returned to Washington, D.C., he would have to live in a shelter.

Ironside stated that he had failed to report to Washington D.C. on March 23, 2009, as he was under the impression that a Judge would intervene to allow him to remain in Florida. Ironside stated that he asked to be allowed to return to Washington, D.C. on the day after Easter so that he could make arrangements to dispose of his personal belongings, and plan his suicide. He further stated, "this wasn't supposed to happen, I was supposed to be dead. Now, I'm stuck."

The SD/FL USPO met with psychiatrist, Dr. Welkovich, who advised that Ironside asked to be prescribed Klonopin (clonazepam). Klonopin is in a group of drugs called benzodiazepines. Clonazepam affects chemicals in the brain that may become unbalanced and cause anxiety. Klonopin is used to treat seizures disorders or panic disorders. Ironside also requested to be prescribed Seroquel. This drug is used to treat the depressive and acute manic episodes in bipolar disorder and long-term maintenance treatment of bipolar in combination with lithium or divalprocx. Dr. Welkovich, advised Ironside that she was not going to prescribe these medications, however, could prescribe something else, as these medicines are know to be addictive. Furthermore, Dr. Welkovich stated that Ironside told her that he was court-ordered to take Klonopin. Once Ironside is returned from the medical facility to the Oakwood facility she will be able to complete her evaluation of his psychiatric/psychological needs.

As for the physical examination at the Oakwood Facility, the medical doctor at the facility stated that she saw no markings on Ironside's neck, she looked inside Ironside's mouth because Ironside told her that he had bitten his tongue. The doctor stated that the inside of his mouth looked black, but not likely due to blood, but more like something he had eaten. The doctor stated that there were no unusual marks on his neck and stated that Ironside is now denying he is suicidal. Ironside stated to the doctor that at the time he attempted suicide, he just wanted to be able to stay in Florida. The USPO clearly saw the self inflicted lacerations Ironside sustained to his chest, but she characterized them as superficial to moderate.

## VIOLATION CIRCUMSTANCES

1   ON OR ABOUT MARCH 23, 2009 AND APRIL 13, 2009, THE RELEASEE FAILED TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER, IN THAT THE RELEASEE FAILED TO REPORT TO THE U.S. PROBATION OFFICER AS DIRECTED. (CONDITION #3, GRADE C VIOLATION).

Ironside, Robert                                                         49889-S. Gonzalez

4

On the above-mentioned date, Ironside failed to follow the directives of his probation officer in that on both dates he was directed to report his USPO in the District of Columbia, and he did not.

## COURT STATUS IN OTHER JURISDICTIONS
None.

## CHAPTER SEVEN GUIDELINE POLICY CONSIDERATIONS AND/OR STATUTORY REQUIREMENTS:

Chapter Seven of the Sentencing Guidelines sets forth policy statements regarding sentencing considerations in violation of supervised release matters. Case law requires the Court to consider these issues but, since they are policy statements, they are not binding.

According to Section 7B1.4, the possible ranges of imprisonment applicable upon a violation of supervised release are as follows:

| Specification | Grade of Violation | Revocation Range (Based upon a Criminal History Category of I) |
|---|---|---|
| 1 | Grade C | Guidelines: 3 to 9 months<br>Statutory: Not more than two (2) years |

As the defendant was originally convicted of a Class D Felony, he may be required by statute {18 USC 3583 (e)(3)} to serve a period of incarceration of not more than two (2) years.

Pursuant to {18 USC 3583(h)}, if the term of supervised release is revoked and the term of imprisonment imposed is less the maximum years, supervised release can be reimposed as authorized under the original offense, less any term of imprisonment that was imposed upon revocation of supervised release.

## RECOMMENDATION

Clearly, Ironside has mental health problems that need to be addressed. Although we understand that his desire to stay in Florida is strong, he is presently demonstrating severely poor decision making and self destructive behavior. We feel he is an imminent risk of flight as well as a danger to himself and the community. As such, we respectfully request that the Court issue a warrant, so that we can safely bring him to the Court to answer for his noncompliant behavior.

(Rev eVOP 12/05/07)

Ironside, Robert 49889-S. Gonzalez

5

Should the Court grant our request to initiate violation action, this memorandum will be disclosed to the offender, defense counsel and prosecutor, unless Your Honor directs otherwise.

Respectfully submitted,

Sonales Gonzalez
U.S. Probation Officer Assistant

Approved by: _____ 4/17/09
Edwin Rodriguez, Jr. Date:
Supervising U.S. Probation Officer

(Rev. eVOP 12/06/07)



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## PROBATION OFFICE

### Petition for Warrant
### with Attached Request for
### Court Action Direction Detailing Probable Cause

Offender: Ironside, Robert                                         Docket Number: 06CR729-01(JES)

Sentencing Judge: Honorable John E. Sprizzo, Senior U.S. District Judge

Date of Original Sentence:   February 8, 2007

Original Offense:   False Statements 18 USC 1001(a), a Class D Felony

Original Sentence:   Three (3) months imprisonment followed by three (3) years supervised release

Type of Supervision:   Supervised Release    Date Supervision Commenced:   April 15, 2009

---

### PETITIONING THE COURT TO ISSUE A WARRANT

The offender has not complied with the following condition of supervision:

#### Nature of Noncompliance

1    ON OR ABOUT MARCH 23, 2009 AND APRIL 13, 2009, THE RELEASEE FAILED TO FOLLOW THE INSTRUCTIONS OF THE PROBATION OFFICER, IN THAT THE RELEASEE FAILED TO REPORT TO THE U.S. PROBATION OFFICER AS DIRECTED. (CONDITION #3, GRADE C VIOLATION).

I declare under penalty of perjury that the foregoing is true and correct. (Supporting documentation is attached)

Respectfully submitted,

Ironside, Robert     49889-S. Gonzalez

2

Michael J. Fitzpatrick
Chief U.S. Probation Officer

Approved By: _____ 4/15/09
Edwin Rodriguez, Jr.  / Date
Supervising U.S. Probation Officer